**UNITED STATES of America,
Appellee,**

v.

**Sam ROSENZWEIG, Appellant.
No. 50, Docket 30504.**

United States Court of Appeals
Second Circuit.

Argued Sept. 28, 1966.

Decided Oct. 4, 1966.

Francis L. Giordano, Brooklyn, N. Y. (Charles T. Drago, Brooklyn, N. Y., on the brief), for appellant.

Raymond Bernhard Grunewald, Asst. U. S. Atty., for the Eastern District of New York (Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y., on the brief), for appellee.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM.

The Government, after showing that appellant, Sam Rosenzweig, had failed to pay the tax prescribed by Section 4411 of the Internal Revenue Code, 26 U.S.C. § 4411, and had failed to register his name and place of residence as prescribed by Section 4412(a) of the Code, 26 U.S.C. 4412(a), presented five witnesses who all testified that they had had conversations with appellant concerning wagers on horses; that appellant had furnished them with telephone numbers and code names to enable them to place bets; and that after the races on which they had bet, they met with appellant at specified times and either paid him the money they had lost or collected from him their winnings. The witnesses testified further that they knew of no one else who was connected with their wagers, and that when they placed their bets by telephone, they identified themselves with their initials and appellant's name, e. g., "E. B. for Sam [appellant]." Cross examination established that appellant did not personally receive any of these telephone calls. There was further testimony to the effect that appellant was familiar with the requirements of the Internal Revenue Code.

Appellant took the stand and admitted settling accounts with the above five witnesses, but denied that he was acting on his own behalf. He testified that he was performing the said functions for one Slackman and that he was not reimbursed for his troubles. He denied having "accepted" any wagers and further denied having any proprietary interest in the bookmaking business of Slackman. Judge Rayfiel termed appellant's testimony as unworthy of belief.

Appellant argues that, under the terminology adopted by the Supreme Court in United States v. Calamaro, 354 U.S. 351, 77 S.Ct. 1138, 1 L.Ed.2d 1394 (1957), he was a mere "pick-up man" and was consequently not subject to the special tax and did not come within the special registration provisions of the Code. This Court has recently held that direct evidence of a proprietary interest in a gambling scheme is not necessary to hold a defendant subject to the instant Code sections. United States v. Marquez, 332 F.2d 162 (2d Cir.), cert. denied, 379 U.S. 890, 85 S.Ct. 162, 13 L.Ed.2d 94 (1964). We believe that the evidence introduced by the Government was clearly sufficient to establish that appellant was more than a mere "pick-up man" and was thus guilty of non-compliance with Sections 4411 and 4412(a) of the Code.

Affirmed.